[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 18-14429
Non-Argument Calendar

————————————————

D.C. Docket No. 3:17-cr-00489-ECM-TFM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KATAVIOUS WILLIAMS,

Defendant - Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Alabama

————————————————

(August 6, 2019)

Before MARCUS, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Katavious Williams appeals his 60-month, within-guidelines sentence for

being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  He

argues that his sentence is substantively unreasonable because it resulted from the district court's overreliance on his criminal history and the circumstances of the instant offense. Williams contends that the district court also failed to consider a number of mitigating factors and ignored other relevant factors under 18 U.S.C. § 3553(a)(2).

## I.    BACKGROUND

Williams pled guilty to one count of being a felon in possession of a firearm. According to his presentence investigation report ("PSR"), law enforcement pulled Williams over after observing that he was driving with a license plate that was registered to another vehicle. During the traffic stop, the detective noticed the smell of marijuana and observed some small pieces of marijuana on Williams's lap. Williams informed the officer that he had a loaded firearm tucked in his waistband, and an investigation later revealed that the firearm had been reported stolen. Upon being arrested, Williams dropped a small amount of marijuana and a joint on the ground. A search of the vehicle revealed a digital scale and $670 in cash.

Williams received a base offense level of 24 because he had previously sustained two felony convictions for controlled substances offenses. He had been convicted and sentenced to a term of 37 months' imprisonment for selling 4.3 grams of cocaine base on two occasions in 1998. While incarcerated for that

2

offense, he was convicted and sentenced to 78 months' imprisonment for arranging a sale of almost 500 grams of cocaine and 23 grams of cocaine base in 1999. He was released from prison in 2007 and had no other criminal convictions apart from traffic citations. His supervised release was modified several times, however, and revoked once for using marijuana and failing to submit to drug tests. After adjustments, Williams's PSR assigned him a total offense level of 23 and a criminal history category of III, making his guideline imprisonment range 57 to 71 months.

As to his personal characteristics, the PSR indicated that Williams married his wife in 2008, and they had one child together. His wife had three children from another relationship, and Williams had one, and three of their children lived with them. At the time of his conviction, Williams held two jobs and, before that, had been consistently employed since his release from prison.

Williams did not object to the facts or calculations in the PSR, but submitted a sentencing memorandum asking the court to sentence him to six months' imprisonment. He argued that his crime was victimless and the guideline range was greater than necessary to satisfy the purposes of sentencing. He asserted that his prior convictions substantially increased his guideline range, but the conduct giving rise to those convictions occurred 19 to 20 years earlier. Although he had a history of marijuana use, he also noted that he had completed his supervised

3

release, maintained employment to provide for his family, and presented a low risk of recidivism. Williams submitted letters from several family members, a state senator, and his employer, all expressing their support and asking the court for leniency.

Williams also submitted his own letter in which he explained that he had acquired a firearm for protection only after he was shot in front of his house in Montgomery, Alabama. He said that the police failed to investigate the shooting, and he subsequently moved away from Montgomery with his family so he could raise his children in a better environment, asserting that his family and others depended on him for their welfare.

At Williams's sentencing hearing, the district court stated that it had reviewed the PSR and adopted it and had reviewed Williams's sentencing memorandum, accompanying exhibits, and request for a downward variance. Through counsel, Williams then repeated his arguments in support of a downward variance, emphasizing that he committed his prior offenses when he was much younger, using those offenses to increase his guideline range was senseless, his present offense was victimless, and a lengthy sentence would strip him away from his jobs and family. Speaking in allocution, Williams apologized and explained again that had the firearm for protection because he was shot at his home and law enforcement did nothing to investigate.

4

The court acknowledged Williams's arguments but denied his request for a downward variance.  The court found that, in addition to his two prior drug distribution convictions, there were factors of concern in the present offense, specifically the drugs, scale, and cash in the car and the switched license plate. "For those reasons, and the various [18 U.S.C. § 3353(a)] factors," the court stated that a variance was not appropriate.  Doc. 50 at 26.[1]  The court then stated that "[h]aving considered and consulted the [S]entencing [G]uidelines and evaluat[ed] the reasonableness of the sentence through the lens of Section 3553," Williams's sentence was 60 months' imprisonment, followed by three years' supervised release.  *Id.*  The court also listed the specific § 3553(a) factors that supported the sentence, including the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to promote respect for the law and afford adequate deterrence.[2]

---

[1] Citations in the form "Doc. #" refer to numbered entries on the district court's docket.

[2] The district court also referenced § 3553(a)(2)(D), which states that courts should consider the need to provide the defendant with medical care.  The court then recommended that Williams be designated to a facility with intensive drug treatment and ordered that he participate in treatment while on supervised release.  The Supreme Court has held that district courts may not impose or lengthen a prison term to promote an offender's rehabilitation.  *Tapia v. United States*, 564 U.S. 319, 332 (2011).  We therefore reject the government's suggestion that Williams's need for treatment supported the reasonableness of his sentence.  But because it does not appear that the need for rehabilitation was a reason the district court imposed or lengthened the term of imprisonment, and because Williams has not raised any such challenge, we will not vacate his sentence on that basis.

## II.    STANDARD OF REVIEW

We review the reasonableness of a sentence for abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  We first "ensure that the district court committed no significant procedural error," and we then determine whether the district court imposed a substantively reasonable sentence.  *Id.*  A district court's sentence is substantively unreasonable when it (1) "fails to afford consideration to relevant factors that were due significant weight," (2) "gives significant weight to an improper or irrelevant factor," or (3) "commits a clear error of judgment in considering the proper factors" by considering proper factors but balancing them unreasonably.  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).   The party challenging the sentence bears the burden of demonstrating that the sentence is unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors.  *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

## III.    DISCUSSION

On appeal, Williams argues that his sentence was substantively unreasonable because it was greater than necessary to achieve the sentencing purposes of § 3553(a).  He contends that the court placed too much weight on his criminal history and the presence of drugs, cash, and a switched license plate in the present case.  He also contends that the court failed to consider the mitigating factors that he presented in support of his request for a downward variance:  the remoteness of

6

his prior offenses, his committed relationship with his wife and children, his history of employment and lack of serious legal troubles since his release from prison, the lack of any victim in the present offense, and the unlikelihood that he would recidivate.

Because Williams does not argue that his sentence was procedurally unreasonable, we need only address the substantive reasonableness of his sentence. *See Gall*, 552 U.S. at 51. In reviewing the substantive reasonableness of a sentence, we consider the totality of the circumstances. *Id.* We may vacate a sentence as substantively unreasonable only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (internal quotation marks omitted).

While we do not presume that a within-guideline sentence is reasonable, we typically expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). The fact that a sentence falls well below the statutory maximum is another indicator of a reasonable sentence. *United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir. 2016). The statutory maximum term of imprisonment for a violation of § 922(g) is 120 months. 18 U.S.C. § 924(a)(2).

7

The district court must impose a sentence that is "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), which include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2). The district court must also take into consideration the "nature and circumstances" of the offense and the "history and characteristics" of the defendant. *Id.* § 3553(a)(1).

The weight that each § 3553(a) factor receives is a matter within the sound discretion of the district court. *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (*per curiam*). The district court may attach great weight to one § 3553(a) factor over others. *United States v. Overstreet*, 713 F.3d 627, 638 (11th Cir. 2013). A district court's "unjustified reliance" on a single § 3553(a) factor, however, may be a "symptom" of unreasonableness. *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008).

In *United States v. Beckles*, the defendant contended that his sentence was unreasonable because the district court had failed to consider a number of mitigating factors, such as his troubled childhood, drug addiction, and dependent child. 565 F.3d 832, 845 (11th Cir. 2009). We declined to vacate Beckles's sentence on that ground because the district court stated that it had carefully considered the § 3553(a) factors, in particular the seriousness of the the offense,

8

the need to afford adequate deterrence, and the need to protect the public. *Id.* at 839, 846.

Here, we cannot say with "definite and firm conviction" that William's sentence "lies outside the range of reasonable sentences." *See Irey*, 612 F.3d at 1190. We acknowledge that the convictions used to increase his offense level were quite old and, aside from his supervised release revocation, he had avoided any other serious legal troubles before the present case. The district court rightly noted, however, that the presence of drugs, a scale, a switched license plate, and $670 in cash were factors that weighed against Williams's request for a downward variance. *See* 18 U.S.C. § 3553(a)(1). Those circumstances suggest that the court was within its discretion to assign more weight to Williams's criminal history of drug dealing. *See id.*; *Williams*, 526 F.3d at 1322; *Overstreet*, 713 F.3d at 638. The fact that Williams's sentence was within his guideline range and well below the statutory maximum term of imprisonment further indicates its substantive reasonableness. *See Hunt*, 526 F.3d at 746; *Croteau*, 819 F.3d at 1310. And although the district court chose not to explicitly address each of the mitigating factors Williams asserted, the court stated that it had considered his arguments, exhibits, and the § 3553(a) factors. Williams accordingly has failed to establish that his sentence was unreasonable on that basis. *See Beckles*, 565 F.3d at 846.

## IV. CONCLUSION

9

Because Williams has not shown that the district court failed to consider any relevant factors, gave significant weight to an improper or irrelevant factor, or committed any clear error of judgment by balancing the factors unreasonably, we affirm his sentence as reasonable.  *See Irey*, 612 F.3d at 1189.

**AFFIRMED.**